UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF ORION
DREDGING SERVICES, LLC, F/K/A
SUBAQUEOUS SERVICES, LLC AS
OWNER OF THE TUG BARBARA H, Its
Engines, Tackle, Appurtenances,
Equipment, Etc., IN A CAUSE OF
EXONERATION FROM OR LIMITATION
OF LIABILITY,

Case No. 3:09-cv-358-J-25HTS

      Petitioner.

**O R D E R**[1]

This cause is before the Court on the following:

1. Claimant, Joseph C. Bucci's, Motion for Increase in Security and Request for a Hearing/Oral Argument (Doc. #69), which is **DENIED** as **MOOT** in view of the Order (Doc. #70).

2. The Motion to Intervene (Doc. #63; Motion). The Motion is opposed. *See* Orion Dredging Services, LLC's Response in Opposition to Leon Martin's Motion to Intervene (Doc. #68; Opposition).

Although the Motion was filed nearly six months beyond the deadline set for answering the Complaint for Exoneration from or

---

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

Limitation of Liability (Doc. #1), *see* Notice of Monition (Doc. #5); Order (Doc. #4) at 2, Mr. Martin represents he "only recently realized the severity of his injuries[.]" Motion at 1. Moreover, he alludes to an alleged "absence of actual notice provided to [him] regarding the filing of [the] complaint[.]" *Id.* at 2; *see also id.* at 2-3 ("Intervenor was not provided proper notice[.]").

"[S]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefor." *In re Hartwig*, No. 6:06-cv-1232-Orl-18UAM, 2007 WL 2209235, at *3 (M.D. Fla. July 30, 2007) (approved report and recommendation of magistrate judge) (quoting *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963)(internal quotation marks omitted));[2] *see also, e.g.*, *In re River City Towing Servs., Inc.*, 420 F.3d 385, 388 (5th Cir. 2005); *In re Holmberg*, No. 8:08-CV-656-T-27TBM, 2009 WL 1520027, at * 7 (M.D. Fla. May 28, 2009); Admiralty & Mar. Law § 15-5 (4th ed.) (referring to the *Texas Gulf Sulphur Co.* standard as "[t]he test for allowing late-filed claims"). However, "late filers [must] demonstrate their reasons with evidence." *In re River City Towing Servs., Inc.*, 420 F.3d at

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered by the Fifth Circuit prior to October 1, 1981.

388; *cf. In re Holmberg*, 2009 WL 1520027, at *7 ("[A] court may decline to permit the late filing of a claim where the showing of cause is inadequate.").

Petitioner correctly observes Movant has offered only "the bare assertions of his counsel, [and] has not provided . . . any evidence[.]" Opposition at 3. Accordingly, the Motion (Doc. #63) is hereby **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of December, 2009.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any