UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF ORION DREDGING
SERVICES, LLC, F/K/A SUBAQUEOUS
SERVICES, LLC AS OWNER OF THE TUG
BARBARA H, its Engines, Tackle,
Appurtenances, Equipment, Etc., IN A CAUSE
OF EXONERATION FROM OR LIMITATION
OF LIABILITY,

Case No. 3:09-cv-358-J-25HTS

                Petitioner.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Intervenor Leon Martin's Second Motion to Intervene (Doc. 72) filed January 7, 2010.

**I.    BACKGROUND**

On October 20, 2008, the tug Barbara H. sank near Cay Sal Bank, Bahamas, while under the tow of the tug El Puma Grande. (Doc. 2). On April 20, 2009, Petitioner instituted this action seeking exoneration of liability. Id. On April 28, 2009, the Court entered an Order requiring the Clerk of Court to issue a notice admonishing possible claimants to file their respective answers and/or claims with the Clerk of Court and to serve same on Petitioner's attorney no later than June 8, 2009. (Doc. 4). The following day, the Clerk of Court issued a notice as required by the Court's Order. (Doc. 5).

-1-

Pursuant to Supplemental Admiralty Rule F(4) and Local Admiralty Rule 7.06(a), Petitioner published the Notice of Monition in the Financial News and Daily Record, a newspaper in general circulation in Jacksonville, Duval County, Florida. (Doc. 10). The notice was published four times on May 6, 13, 20, and 27, 2009 in accordance with Supplemental Admiralty Rule F(4). Id.

On November 30, 2009, nearly six months after the deadline for filing claims, Leon Martin ("Martin") filed his first Motion to Intervene (Doc. 63), which was denied for insufficiency of evidence (Doc. 71).[1] On January 7, 2010, Martin filed the instant Motion to Intervene and attached an affidavit in support thereof. (Doc. 72). Martin's affidavit sets forth the following:

1. Martin sustained psychological injury in the course and scope of his employment as a seaman;
2. Martin is currently undergoing medical treatment for this injury and is unable to work;
3. Martin did not receive notice from Orion as required; and
4. Martin has provided medical records to Orion and requested maintenance and cure, but is paying for treatment out of pocket due to cancellation of his health insurance.

(Doc. 72-2). On January 21, 2010, Petitioner filed a response in opposition to the instant Motion arguing that Martin failed to show cause for his late filing. (Doc. 77). Accordingly, this matter is now ripe for judicial review.

---

[1] The party seeking to file a late claim must submit evidence, such as an affidavit, to support their showing of cause for late filing. See In re River City Towing Servs., 420 F.3d 385 (5th Cir. 2005). Martin's first Motion to Intervene (Doc. 63) contained no evidence in support of his showing of cause for late filing.

**II.    ANALYSIS**

Supplemental Admiralty Rule F(4) ("Rule F(4)") grants courts discretion to allow the filing of a late claim in a limitation of liability proceeding "for cause shown."  Martin contends that he should be permitted to file a late claim because he "was not provided proper notice *and* suffered from injuries that manifested later in time."  (Doc. 72, p. 4) (emphasis added).  The Court will address each of these arguments.

In support of Martin's assertion that he was not provided with proper notice, he offers an affidavit in which he states that he "never received notice ... regarding any issues or deadlines in this matter."  (Doc. 72-2, ¶ 8).  However, Martin provides the Court with no argument as to why notice by publication was insufficient here.  According to Rule F(4), notice is only required to be mailed to "person[s] known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose."  Supplemental Admiralty Rule F(4).  Actual notice is not required for "possible" claimants; instead the petitioner/plaintiff is only required to mail the notice to "known" claimants, whereas it is sufficient to provide potential claimants with constructive notice by publication.  <u>See</u> Supplemental Admiralty Rule F(4); <u>In re River City Towing Servs.</u>, 420 F.3d 385, 388 (5th Cir. 2005).  Petitioner published the Court's Notice of Monition four times in a newspaper of general circulation in Jacksonville, Duval County, Florida in accordance with Rule F(4) and Local Admiralty Rule 7.01, 7.06(a)-(b).  (Doc. 10).  Therefore, Martin's contention that he was not

provided with proper notice fails in the absence of any substantive evidence or argument to the contrary.[2]

In support of Martin's assertion that he suffered from injuries which manifested later in time, he offers an affidavit in which he states that "[o]n September 30, 2009, [Martin] was forced to leave [his] job due to psychological problems stemming from the accident ..." (Doc. 72-2, ¶ 5). Martin is generally correct that under Rule F(4) where a claimant shows cause on a timely filed motion, courts must freely grant permission to file late claims. In re Holmberg, 2009 U.S. Dist. LEXIS 44549, 2009 WL 1520027 (M.D. Fla. May 27, 2009) (citing Alter Barge Line, Inc. v. Consolidated Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001)). However, a court may decline to permit the late filing of a claim where the showing of cause is inadequate. Id. Here, Martin's affidavit merely asserts he left his job because of alleged psychological issues.[3] It does not state that he became aware of his injury after the deadline for filings claims had elapsed nor does it provide any reasoning for the late filing. Therefore, the Court finds Martin has failed to show cause exists for his failure to file a claim before the expiration of the monition

---

[2] Courts have recognized that even where the claimant has received satisfactory notice of the limitation proceeding, the court may conclude that the balancing of equities favors the late claimant. In re Hartwig, 2007 U.S. Dist. LEXIS 55024, 2007 WL 2209235, at *3 (M.D. Fla. July 30, 2007) (citing River City Towing Serv., Inc. v. Craig, 420 F.3d 385, 388 (5th Cir. 2005)). However, neither the Motion nor the affidavit attached thereto provide any argument regarding the balancing of equities. See (Doc. 71); see also Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 363 (5th Cir. 1963) ("Relief from a tardy claim is not a matter of right. It depends upon an equitable showing [by the party seeking to file the late claim].")

[3] The Court notes that Petitioner offers a conflicting affidavit which asserts that Martin voluntarily transferred his employment to King Fisher Marine Services, LP, on September 25, 2009. (Doc. 77-1, ¶ 7-9). However, this assertion does not affect the Court's analysis regarding whether Martin has shown cause for late filing here.

period.  See e.g., In re The Complaint of Kirby Inland Marine, L.P., 365 F. Supp. 2d 777, 782 (M.D. La. 2005) (holding that it would set a bad precedent to allow a person to delay filing a claim until that claimant can "realize" that the individual has sustained an injury); In the Matter of Overseas Containers, Ltd., 1985 WL 5088, 1985 U.S. Dist. LEXIS 12559 (S.D.N.Y. Dec. 19, 1985) (holding that because claimant negligently failed to ascertain its legal rights in a timely fashion tipped the balance against permitting the late filing).

### III.  CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Intervenor Leon Martin's Second Motion to Intervene (Doc. 72) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  8th  day of February, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party