UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

IN THE MATTER OF:

Case No. 3:09-cv-358-J-25HTS

THE COMPLAINT OF ORION DREDGING
SERVICES, LLC, F/K/A SUBAQUEOUS
SERVICES, LLC AS OWNER OF THE TUG
BARBARA H, its Engines, Tackle,
Appurtenances, Equipment, Etc., IN A CAUSE
OF EXONERATION FROM OR LIMITATION
OF LIABILITY,

                                        Petitioner.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Intervenor Leon Martin's Third Motion to Intervene (Doc. 83) filed February 16, 2010.

## I.    BACKGROUND

On October 20, 2008, the tug Barbara H. sank near Cay Sal Bank, Bahamas, while under the tow of the tug El Puma Grande. (Doc. 2). On April 20, 2009, Petitioner instituted this action seeking exoneration of liability. Id. On April 28, 2009, the Court entered an Order requiring the Clerk of Court to issue a notice admonishing possible claimants to file their respective answers and/or claims with the Clerk of Court and to serve same on Petitioner's attorney no later than June 8, 2009. (Doc. 4). The following day, the Clerk of Court issued a notice as required by the Court's Order. (Doc. 5).

-1-

Pursuant to Supplemental Admiralty Rule F(4) and Local Admiralty Rule 7.06(a), Petitioner published the Notice of Monition in the Financial News and Daily Record, a newspaper in general circulation in Jacksonville, Duval County, Florida. (Doc. 10). The notice was published four times on May 6, 13, 20, and 27, 2009 in accordance with Supplemental Admiralty Rule F(4). Id.

On November 30, 2009, nearly six months after the deadline for filing claims, Leon Martin ("Martin") filed his first Motion to Intervene (Doc. 63), which was denied for insufficiency of evidence (Doc. 71).[1] On January 7, 2010, Martin filed his second Motion to Intervene (Doc. 72) and attached an affidavit in support thereof, which was again denied because Martin failed to show cause for his late filing. (Doc. 82).[2]

On February 16, 2010, Martin filed a third Motion to Intervene and attached another affidavit in support thereof. (Doc. 83). On March 2, 2010, Petitioner filed a response in opposition arguing that the instant Motion should be construed as a motion for reconsideration and denied with prejudice. (Doc. 86). Accordingly, this matter is now ripe for judicial review.

---

[1] The party seeking to file a late claim must submit evidence, such as an affidavit, to support their showing of cause for late filing. See In re River City Towing Servs., 420 F.3d 385 (5th Cir. 2005). Martin's first Motion to Intervene (Doc. 63) contained no evidence in support of his showing of cause for late filing.

[2] "Relief from a tardy claim is not a matter of right. It depends upon an equitable showing [by the party seeking to file the late claim]." Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 363 (5th Cir. 1963). Neither Martin's second Motion nor the affidavit attached thereto provided the Court with any solid reasoning for the late filing. Additionally, neither filing provided an equitable showing.

## II. ANALYSIS

As an initial matter, in response to Petitioner's argument that the instant Motion should be construed as a motion for reconsideration, the Court finds this argument without merit. Martin's second Motion to Intervene (Doc. 72) was denied for failure to show cause for his late filing (Doc. 82). Specifically, the Court pointed out that Martin's affidavit "does not state that he became aware of his injury after the deadline for filings claims had elapsed nor does it provide any reasoning for the late filing." (Doc. 82, p. 4). Martin's second Motion was *not* denied with prejudice and was *not* denied on the merits. Rather, the Court found Martin *did not* sufficiently demonstrate his cause for late filing, not that Martin *could not* sufficiently demonstrate cause for late filing. This Court intended Martin's second Motion to Intervene (Doc. 72) to be denied *without prejudice* to Martin re-filing and demonstrating cause for late filing.[3] Accordingly, the Court will consider the merits of the instant Motion to Intervene (Doc. 83).

As previously stated by this Court, Supplemental Admiralty Rule F(4) ("Rule F(4)") grants courts discretion to allow the filing of a late claim in a limitation of liability proceeding "for cause shown." The United States Court of Appeals for the Eleventh Circuit has not addressed whether Rule F(4)'s requirement of "for cause shown" means "good cause." However, the United States Court of Appeals for the Seventh Circuit rejected such an interpretation a few years ago, finding that the "cause" required by Rule F(4) is minimal, and "an explanation rather than a justification for the delay will

---

[3]See Pikor v. Cinerama Productions Corp., 25 F.R.D. 92 (S.D.N.Y. 1960) (where a motion for intervention was defective, the motion was denied without prejudice to its renewal upon proper papers).

suffice." Alter Barge Line, Inc. v. Consolidated Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001). The Middle District of Florida adopted this interpretation in In re Hartwig. 2007 U.S. Dist. LEXIS 55024, 2007 WL 2209235, at *3 (M.D. Fla. July 30, 2007).

Additionally, "district courts ruling on a motion to file a late claim[] should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." Trace Marine, Inc. v. Fasone, 114 Fed. Appx. 124 (5th Cir. 2004). "[R]elief from a tardy claim is not a matter of right[,]" but a remedy requiring "an equitable showing." Golnay Barge Co. v. M/T Shinoussa, 980 F.2d 349, 351 (5th Cir. 1993).

Here, Martin contends he should be permitted to file a late claim because his injuries manifested after the monition period had expired. (Doc. 83). In support of Martin's assertion he suffered from injuries which manifested later in time, he offers an affidavit in which he states:

> a. I became aware of my injuries on or about September 30, 2009, after the June 8, 2009 deadline for filing claims had elapsed.
> b. The reason for filing this claim late is that I was unaware of my injuries prior to the June 8, 2009 filing deadline.
> c. As soon as I understood that my condition was related to the sinking of the tug and that it was disabling me from working, I hired counsel and moved to intervene in this case, but the deadline was passed.

(Doc. 83-2, ¶¶ 5, 8, 9).[4] The Court finds Martin has demonstrated sufficient "cause" through his affirmations. See In re Hartwig, 2007 U.S. Dist. LEXIS 55024, 2007 WL 2209235, at *3 (M.D. Fla. July 30, 2007) (holding an explanation rather than a justification for the delay will meet the Rule F(4) cause requirement); see also Alter Barge Line, Inc., 272 F.3d at 397 (holding that negligence of the claimant or the attorney will meet the minimal cause requirement).

With regard to the three above-mentioned equitable factors, the Court finds each of these factors weigh in favor of Martin. First, it is undisputed that this case is proceeding, pending, and undetermined. Second, the rights of the parties will not be adversely affected by the granting of the instant Motion.[5] Finally, Martin's reasons for filing late favor permitting him to intervene, i.e., he did not become aware of the disabling nature of his psychological injury until after the deadline for filing had expired.[6]

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1. Intervenor Leon Martin's Third Motion to Intervene (Doc. 83) is **GRANTED.**

---

[4]Despite Petitioner's contention, the Court finds these statements are not in contradiction with Martin's earlier statements. See (Docs. 82-2, 83-2).

[5]Martin's claim is identical to that of the other claimants, except for the specific injuries alleged. (Doc. 83. P. 5). Notably, the other claimants do not oppose Martin intervening. Id. at 7.

[6]It is well established that seaman are "wards of admiralty whose rights federal courts are duty-bound to jealously protect." See Lane Bah. Ltd. v. Europa Cruises Corp., 188 F.3d 1317, 1323 (11th Cir. 1999) (quoting Isbrandtsen Marine Servs. v. M/V Inagua Tania, 93 F.3d 728, 734 (11th Cir. 1996).

2. The Clerk is directed to file the Answer to Limitation Complaint, Affirmative Defenses, Claim and Demand for Jury Trial attached to the Motion.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  8th  day of March, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party